UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**KIMBERLI RAE PARR** and
**DONALD WILLIAM PARR**,

Debtors.

Case No. **09-60408-7**

## *MEMORANDUM of DECISION*

At Butte in said District this 26th day of October, 2009.

In this Chapter 7 bankruptcy, after due notice, a hearing was held September 22, 2009, in Billings on the Trustee's objection to claim of exemption filed May 14, 2009. The Chapter Trustee, Joseph V. Womack of Billings, Montana, appeared at the hearing in prosecution of his objection. Debtor Kimberli Rae Parr ("Kimberli") appeared at the hearing personally and with attorney Craig D. Martinson of Billings, Montana. Debtor Donald William Parr ("Donald") appeared at the hearing *pro se*. Both Kimberli and Donald testified and the Trustee's Exhibits 1, 3 and 4, and Kimberli's Exhibits A, B and D were admitted into evidence without objection. At the conclusion of the hearing, the Court took the matter under advisement. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

BACKGROUND

Kimberli and Donald are former husband and wife. Donald moved out of the marital home located at 182 Butterfly Lake Lane in February of 2008. Kimberli filed a petition for

1

dissolution of marriage in late March or early April of 2008. Donald has lived in numerous places since February of 2008 but has lived at 310 Westchester Square N. since November of 2008.

Kimberli and Donald filed a Declaration of Homestead on January 13, 2009, with respect to their property located at 182 Butterfly Lake Lane. Exhibit 1. In the Declaration of Homestead, Donald certifies and declares that he was actually residing at 182 Butterfly Lake Lane. Debtors filed a bankruptcy petition on March 23, 2009. At that time, Debtors were joint owners of the property located at 182 Butterfly Lake Lane.

Debtors filed a voluntary Chapter 7 bankruptcy petition on March 23, 2009. Debtors have asserted a homestead exemption in the 182 Butterfly Lake Lane property under Mont. Code Ann. § 70-32-104. Debtors assert in this Schedule A that the homestead property has a value of $199,000.00 and is encumbered by a mortgage in the amount of $154,229.52.

Pursuant to a Settlement Agreement, Waiver of Hearing and Consent to Entry of Decree dated August 18, 2009, the Debtors agreed as follows:

> The parties own a home located at 182 Butterfly Lake Lane, Billings, Montana ("the Home"). Although Donald has lived in temporary quarters since the parties separated, the Home has remained his legal residence during the pendency of this matter. Based upon the equities of this case, including, but not limited to, the source of the down payment for, the Home and the source of the monthly mortgage payments for the Home, an equitable distribution of the parties' assets requires that Kim receive the Home.
>
> * * *
>
> Donald furthermore agrees to cooperate with Kim in any contested proceeding in Bankruptcy Court relating, in any way, to the Home or to the parties' equity in the Home.

Debtors' Settlement Agreement was approved in a Final Decree of Dissolution of Marriage

entered August 28, 2009.

The Trustee objects to Debtors' claimed homestead exemption, requesting that the Court deny Donald's homestead exemption and limit Kimberli's homestead exemption to her one-half interest in the net equity of the homestead property. Kimberli opposes the Trustee's objection arguing that Donald was residing at the homestead property in January of 2009 when Debtors filed their homestead exemption, even though Donald was not physically occupying the family home. In the alternative, Kimberli argues that Donald had no interest in the family home by reason of the divorce and thus, Kimberli is entitled to 100% of the homestead exemption.

## APPLICABLE LAW

Montana has opted out of the federal exemption scheme by means of MONT. CODE ANN. ("MCA") § 31-2-106,[1] which applies the Montana homestead exemption statutes set forth in Chapter 32 of Title 70, MONT. CODE ANN. Thus, the Court must look to state law, rather than federal law, to determine the validity of Debtors' homestead exemption. *In re Loeb*, 12 Mont. B.R. 524, 527 (Bankr. D. Mont. 1993).

Montana's homestead laws provide that a "homestead consists of the dwelling house or mobile home, and all appurtenances, in which the claimant *resides*..." MCA § 70-32-101. MCA § 70-32-106 further provides that a "declaration of homestead must contain a statement that the person making it *is residing* on the premises and claims them as a homestead...". The foregoing illustrates the general rule, in Montana, that an individual asserting a homestead exemption must

---

[1] MCA § 31-2-106 reads:

An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d).

reside on the premises. *Luthje v. Luthje (In re Luthje)*, 7 Mont. B.R. 291, 297 (Bankr. D. Mont. 1989).

The definition of "residence" is set forth in MCA § 1-1-215, which reads:

Residence -- rules for determining. Every person has, in law, a residence. In determining the place of residence the following rules are to be observed:

(1) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose and to which he returns in seasons of repose.

(2) There can only be one residence.

(3) A residence cannot be lost until another is gained.

Notwithstanding the foregoing, this Court has held on several occasions that a temporary absence from a homestead does not require disallowance of a homestead exemption. *See, e.g., In re Schmitz*, 16 Mont. B.R. 512, 515-18 (Bankr. D.Mont. 1998) (finding a valid homestead where the debtor left her home approximately four days per week for employment purposes); *In re Mackenzie*, 16 Mont. B.R. 338, 341-43 (Bankr. D.Mont. 1998) (finding a valid homestead where the debtor temporarily left her claimed residence for employment, rented out residence, but by specific actions, such as leaving her personal property at the homestead property, exhibited an intent to return to residence); *In re Vaughn,* 16 Mont. B.R. 182, 183 (Bankr. D.Mont. 1997) (finding a valid homestead exemption where the debtor did not occupy the marital residence but whose estranged spouse and children continued to occupy the residence); and *In re Loeb*, 12 Mont. BR 524, 527-28 (Bankr. D.Mont. 1993) (upholding the debtor's claimed homestead exemption where the facts did not show that debtor abandoned her homestead declaration under applicable Montana law).

The cases of *Schmitz*, *Vaughn* and *Loeb* are factually distinguishable from the instant case because in *Schmitz*, *Vaughn* and *Loeb*, the debtors lived on the property that they were claiming exempt at the time they filed their homestead declaration. The facts in this case are different because Donald was not staying in the martial home when Debtors filed their Declaration of Homestead. This case is more similar to *Mackenzie*, 16 Mont. BR 338, where the debtor filed her declaration of homestead during a short period of time when she rented her home to an individual working on a movie production. However, *MacKenzie* is also factually distinguishable because in that case, other than some clothing and personal effects, debtor's personal property remained at the homestead property. The debtor in *MacKenzie* also returned to the property periodically during the few months that it was rented, and on several occasions, spent the night.

Unfortunately for Debtors, this case is most similar to *In re Schuster*, Bankruptcy Case No. 05-65049. In *Schuster*, the debtor filed a declaration of homestead during a period of time when he was not living on the homestead property but the evidence showed that the debtor planned on returning to his homestead property after his dog died. On appeal, the Honorable Sam E. Haddon in a Memorandum and Order entered September 21, 2006, *see In re Schuster*, Bankruptcy Case No. 05-65049, docket entry no. 78, denied the debtor's homestead exemption because the debtor was not residing on the premises of the property at the time he filed his declaration of homestead.

Like *Schuster*, the issue in the instant case is not whether Donald's absence from the home at 182 Butterfly Lake Lane is an abandonment of his homestead. Rather, the issue is whether Donald was living in the home on the date he filed his homestead declaration.

5

Following the teachings of *Schuster*, it is clear that Donald's declaration of homestead was invalid when filed. At the time Debtors filed their bankruptcy petition, Donald listed his address as 310 Westchester Square N., Billings, Montana. In addition, in response to question 15 of the Statement of Financial Affairs, Debtors disclose Donald's prior addresses as 702 Central Avenue from October 2007 to March 2008, 838 Howard Avenue from March 2008 to May 2008, 846 Terry Avenue from May 2008 to November 2008, and 310 West Chester Square N. from December 2008 to present. The above information–which is set forth in Debtor's bankruptcy petition and Statement of Financial Affairs--indicates that Donald's place of residence has been 310 Westchester Square N. Since December of 2008.

In the event the Court denied Donald's claimed homestead exemption, Kimberli argues in the alternative that Donald did not have an interest in the property at 182 Butterfly Lake Lane and "that she should be granted the entire ownership interest in the house based upon the equities of their marriage." This Court is persuaded by the case of *In the Matter of Sandoval*, 103 F.3d 20, 23 (5th Cir. 1997), wherein the Fifth Circuit Court of Appeals concluded that "the right to exemptions is determined by facts as they existed on the date of the . . . bankruptcy petition." In cases such as the instant case, a specific date must determine when a debtor is entitled to an exemption. Following the directive of *Sandoval*, the most logical date is the petition date. Indeed, such conclusion is consistent with MCA § 40-4-202(3), which provides: "Each spouse is considered to have a common ownership in marital property that vests immediately preceding the entry of the decree of dissolution... The extent of the vested interest must be determined and made final by the court pursuant to this section." MCA § 40-4-202(1) further provides that the court "shall...finally equitably apportion between the parties the property and assets belonging to

either or both, however and whenever acquired and whether the title thereto is in the name of the husband or the wife or both." As the foregoing illustrates, as of March 23, 2009, Kimberli and Donald were still joint owners of the property at 182 Butterfly Lake Lane. The equitable division of Debtors' property was not accomplished until August of 2009, and while hindsight now shows that Kimberli is the sole owner of the property at 182 Butterfly Lake Lane, this Court would be delving into family law matters if it concluded that Kimberli was the equitable owner of such property on Debtors' petition date. This Court has long adhered to the reasoning of the Ninth Circuit:

> It is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'

*In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) (quoting *In re Graham*, 14 B.R. 246 (Bankr. W.D. Ky. 1981).

Turning to the matter of Kimberli's homestead exemption, the Montana Supreme Court explains that:

> Section 70-32-103 MCA, provides from whose property the homestead may be selected. If the claimant is married, the homestead may be selected from property of either spouse. In addition to our statute, this Court has held several times that a homestead may be claimed on an undivided interest in the land. *See Wall v. Duggan* (1926), 76 Mont. 239, 245 P. 953; *Esterly v. The Broadway Garage Co., et al.* (1930), 87 Mont. 64, 285 P. 172; *DeFontenay v. Childs* (1933), 93 Mont. 480, 19 P.2d 650; *Isom v. Larson* (1927), 78 Mont. 395, 255 P. 1049. *In Lindley v. Davis* (1887), 7 Mont. 206, 14 P. 717 this Court held that a tenant-in-common is entitled to the full homestead exemption.

*Neel v. First Fed. Sav. And Loan Assoc of Great Falls*, 207 Mont. 376, 394, 675 P.2d 96, 106 (1984). Following *Neel*, it appears that Kimberli is entitled to 100% of the homestead exemption on her undivided interest in the homestead property. Unfortunately, *Neel* provides little relief to

Kimberli because Kimberli's undivided interest is, based upon Debtors' Schedule A, limited to one-half the equity in the home, or $22,385.24. The equity associated with Donald's one-half interest in the homestead property is available to the Trustee for payment to Debtors' creditors. For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Trustee's objection to claim of exemption filed May 14, 2009, is SUSTAINED; and Debtors' claimed homestead exemption is limited to Kimberli Parr's one-half net equity in the property located at 182 Butterfly Lake Lane.

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana